**\*\* E-filed January 12, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RE/MAX INTERNATIONAL, INC., | No. C08-05785 JW (HRL) |
| Plaintiff, | **ORDER (1) GRANTING PLAINTIFF'S MOTION TO COMPEL AND (2) DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES** |
| v. | |
| SOMRAJ SINGH, | |
| Defendant. | **[Re: Docket No. 44]** |
| _____/ | |

In December 2008, plaintiff RE/MAX International, Inc. ("RE/MAX") filed suit seeking a de novo review of a Trademark Trial and Appeal Board ("TTAB") decision concerning its opposition to pro se defendant Somraj Singh's application to register the mark "Savemax Realty." The TTAB found that there was no likelihood of confusion and dismissed RE/MAX's opposition. RE/MAX now moves to compel Singh to respond to discovery requests and appear for deposition, and within the same motion, requests attorney's fees.[1] Singh did not oppose the merits of RE/MAX's motion[2] but did appear at the motion hearing. Upon consideration of the moving and

---

[1] Plaintiff did not bring its request for sanctions separately as required by this court's Local Rules. *See* N.D. Cal. Civ. R. 7-8, 37-3. Nonetheless, because Singh did not object to plaintiff's request on this ground, the court will consider the request.

[2] Singh filed a "stipulation" one week before the hearing date asking "that the court to [sic] extend three months time." (Docket No. 47.) Plaintiff opposes any continuance and notes that it did not stipulate to any extension of time. (Docket No. 48.) The court finds good cause lacking for a continuance of this motion to compel, and accordingly, denies Singh's request as it pertains to this motion only. Singh must make any request to stay this case as a whole to Judge Ware as the presiding judge.

United States District Court
For the Northern District of California

1  responding papers, as well as the arguments presented at the hearing, this court grants plaintiff's
2  motion to compel but denies its request for attorney's fees.

## DISCUSSION

On July 27, 2009, RE/MAX served defendant, who was represented by counsel at the time, with one interrogatory and one request for production that sought updated responses to discovery it had served during the TTAB proceeding.  However, two days later, Singh's counsel was allowed to withdraw and a sixty-day stay went into effect to give Singh time to find new counsel or indicate intent to proceed pro se.  He did neither.  On November 11, plaintiff re-served Singh directly with the discovery requests at issue, along with a request to schedule his deposition.

To date, Singh has failed to respond to these requests or agree to a date for deposition, despite plaintiff's many attempts to meet and confer.  Instead, Singh has sought several delays in this case and has put off plaintiff's requests for discovery because, he says, he has been in India for much of 2009 and has not had the opportunity to secure legal counsel.  He now argues that he needs yet more time to find an attorney and that a delay also is appropriate because he alleges improper service of the original complaint.[3]

A review of the discovery requests at issue in this motion indicates that they are relevant and appropriate under the circumstances of this case.  *See Redken Labs., Inc. v. Clairol, Inc.*, 501 F.2d 1403, 1404 (9th Cir. 1974) (holding that "parties may introduce additional evidence relevant to issues raised before the [TTAB]" for a challenge pursuant to 15 U.S.C. § 1701(b)); *see also Wells Fargo & Co. v. Stagecoach Props., Inc.*, 685 F.2d 302, 306 (9th Cir.1982).  Plaintiff also has a right to take Singh's oral deposition as a party to this case.  Fed. R. Civ. P. 30.

Pursuant to the Federal Rules of Civil Procedure, Singh's responses to plaintiff's discovery requests were due within thirty days.  Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A).  Taking into account the sixty-day stay, Singh should have responded by October 29, 2009.  Even if Singh were not aware of the discovery at issue until plaintiff re-served him on November 11, the deadline for responding has passed.  In addition, Singh has failed to show good cause as to why he should not be deposed.

---

[3] Although Singh has repeatedly argued that could not find counsel because he was in India, he admitted at the motion hearing that he has been in the United States since the first week of December.  Furthermore, any challenge that Singh may have as to improper service of plaintiff's complaint is one he should present before Judge Ware.

2

**CONCLUSION**

Based on the foregoing, plaintiff's motion to compel is GRANTED. Defendant shall provide complete responses by January 22, 2010 and meet and confer in good faith with plaintiff to set a date for his deposition, to be held by February 12, 2010. Plaintiff's request for attorney's fees as part of this motion is DENIED.[4]

**IT IS SO ORDERED.**

Dated: January 12, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[4] Singh is warned that failure to comply with court orders or its procedural rules, to include refusal to participate in good faith in the discovery process, may subject him to sanctions, including an award of reasonable attorney's fees to plaintiff and a striking of his answer to the complaint. Defendant should either obtain counsel now or diligently take up the defense in this action himself. He cannot continue to ignore it without adverse consequences.

**C 08-05785 JW (HRL) Notice will be electronically mailed to:**

E. Patrick Ellisen    ellisenp@gtlaw.com, AltamiranoT@gtlaw.com, svlitdock@gtlaw.com
Srecko Vidmar    vidmarl@gtlaw.com, bradshawm@gtlaw.com, collinsk@gtlaw.com, lovelandk@gtlaw.com, westp@gtlaw.com

**Notice will be sent by other means to:**

Somraj Singh
4661 Alhambra Drive
Fremont, CA 94536

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**